IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARRELL J. DEBREW,
    Plaintiff,
v.  Case No. 3:07-cv-179-KRG-KAP
DOUG AUMAN, UNIT MANAGER at
F.C.I. LORETTO, et al.,
    Defendant

Report and Recommendation

Recommendation

Plaintiff filed a cursory motion to reconsider, docket no. 36. It should be denied.

Report

Plaintiff seeks the re-opening of his damages action against employees of the Bureau of Prisons who either investigated, deliberated, or reviewed a disciplinary sanction (issued by a non-defendant) that charged plaintiff with running a business and that was overturned on administrative appeal. Summary judgment was entered for defendants on the basis of qualified immunity. Plaintiff's four paragraph motion blandly claims that "the right to publish and to use the mail are well established," but that is irrelevant because plaintiff was never cited for publishing or using the mail. See Thomas v. Independence Township, 463 F.3d 285, 300 (3d Cir.2006)(qualified immunity must be evaluated in light of the specific facts presented, not as an abstract proposition of law).

Plaintiff also cites Abu-Jamal v. Price, 154 F.3d 128 (3d Cir.1998), for the proposition that conducting a business that involves publishing (whether books or on the internet) is so clearly protected by the First Amendment that defendants cannot

successfully assert the defense of qualified immunity. To the contrary, Abu-Jamal, which involved injunctive relief and not the question whether any proposition of law was clearly established, expressly rested on the finding of fact made by the Court of Appeals that the Pennsylvania Department of Corrections acted because of the content of Abu-Jamal's writing. 154 F.3d at 134. See Debrew v. Auman, 354 Fed. Appx. 639, 642 (3d Cir.2009), so construing Abu-Jamal. In Abu-Jamal there was the further evidence that the Pennsylvania Department of Corrections enforced its no business rule only some of the time. Plaintiff here does not allege and has never alleged that the Bureau of Prisons acted on the basis of the content of his works, or that the Bureau of Prisons selectively enforces its no inmate business rule.

Further, there is not only a lack of clearly established law that inmate-run businesses are protected as long as they involve expressive activity, what little published law there is would have signaled to defendants Auman and Custer (and Yost on the first appeal) that inmate-run businesses can be proscribed. See Johnson v. Wilkinson, 42 F.3d 1388 (6th Cir.1994) (Table, text in Westlaw) (upholding, against First Amendment claim, disciplinary sanction imposed for publishing a book). Here, the issuance of the disciplinary citation to plaintiff failed to pass muster because on administrative review the Bureau of Prisons deemed that there was insufficient evidence that plaintiff was in fact running a business. That cannot be twisted into support for a claim that personnel at the lower levels of administrative review knew or

2

should have known that plaintiff has a nonexistent legal right to carry on a business because it involved expressive activity. Frankly, plaintiff's Alice-in-Wonderland notion that the Bureau of Prisons' scrupulous protection of his rights somehow entitles him to damages presents no legal basis for reconsidering the summary judgment ordered for defendants.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 8 July 2011

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

    Darrell J. DeBrew, Reg. No. 14102-056
    F.P.C. Butner
    P.O. Box 1000
    Butner, N.C. 27509